**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

2017 APR -7  P 1: 55

GERRI A. TAYLOR,                         )

      **Plaintiff,**              DEBRA P. HACKETT, CLK
                  U.S. DISTRICT COURT
                  MIDDLE DISTRICT ALA

**CASE NO.** 2:17-cv-206-WKW

v.                                       )

                                           **JURY TRIAL REQUESTED**

**FAMILY GUIDANCE CENTER**              )
**OF ALABAMA, INC.,**                   )
                       )
      **Defendant.**              )

## COMPLAINT

    **COMES NOW** the Plaintiff, Gerri A. Taylor, by and through her undersigned counsel of record, and hereby doth complain against the above-named Defendant, as set forth herein-below.

### I. JURISDICTION & VENUE

    1.    Plaintiff Gerri A. Taylor files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 1334 (a)(4), as an action arising under the Act of Congress known as Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000(e) et seq.), as amended by the 1991 Civil Rights Act, 42 U.S.C. 1981(a), 42 U.S.C. § 1201, et seq., to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and damages suffered by the Plaintiff, due to the Defendant's discrimination against Plaintiff.

    2.    Plaintiff Gerri A. Taylor filed a charge of retaliation discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") in Birmingham, Alabama on September 22, 2014.   On October 26, 2016, the EEOC issued a

1

determination concluding that Plaintiff Taylor was discriminated against on the basis of retaliation, in violation of Title VII. Following an unsuccessful conciliation, Plaintiff received a right-to-sue on January 30, 2017, from the EEOC giving her the right to pursue this claim in federal court for 90 days after said receipt. (Exhibit A).

3.     Venue is proper in the Northern Division of the Middle District of Alabama, since the alleged discriminating action of Defendant occurred in Montgomery County, Alabama.

## II. PARTIES

4.     The named Plaintiff, Gerri A. Taylor (hereinafter "Plaintiff" or "Plaintiff Taylor"), is a citizen of the United States and a resident of Montgomery County Alabama. Plaintiff is over the age of nineteen years.

5.     The Defendant, Family Guidance Center of Alabama, Inc. (hereinafter "Defendant" or "FGCA"), is business organized under the laws of the State of Alabama and operates in Montgomery County Alabama. At all times relevant to this complaint, Plaintiff was employed, and continues to be employed, by Defendant.

## III. STATEMENT OF FACTS

6.     Plaintiff Taylor was hired by FGCA as a Staff Counselor on or about September 12, 2012.

7.     Plaintiff Taylor previously filed a charge of discrimination with the EEOC (EEOC Charge No. 420-2014-00091) against FGCA that was resolved on February 3, 2014, through a negotiated settlement.

8.     After returning to work, Plaintiff Taylor asked to participate in a conference that she had previously assisted with. However, FGCA excluded Plaintiff Taylor from

2

previous job duties and responsibilities, informing Plaintiff Taylor that she was not needed, despite others indicating they were not available.

9.      On May 21, 2014, Plaintiff Taylor was scheduled to work at 1:00 pm. After she arrived at work, Plaintiff Taylor received an email from her immediate supervisor, Ms. Lisa Elliott, asking Plaintiff to attend an impromptu meeting at 2:00 pm with Executive Director Walter White. Although Plaintiff Taylor had a full schedule that day, and a client appointment scheduled for 2:00 pm, she nonetheless felt compelled to attend the meeting.

10.     At 2:00 pm, Plaintiff Taylor attended the meeting with Executive Director White. Ms. Lisa Elliott was also present at the meeting.    Almost immediately upon entering the meeting room, Plaintiff Taylor was advised that she was being terminated from her position at FGCA.

11.     Plaintiff Taylor was not given a specific reason for her termination and was ordered to vacate the premises within an hour or law enforcement would be contacted to remove her from the premises.

12.     Plaintiff Taylor avers that she had not received any previous disciplinary actions from FGCA before her termination.    In addition, Plaintiff Taylor received evaluations that indicated she performed to standard.

13.     Plaintiff Taylor avers that her termination was in retaliation for filing a charge of discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended.

3

## IV. PLAINTIFF'S CAUSE OF ACTION

### COUNT ONE - RETALIATON DISCRIMINATION

14.     Plaintiff Taylor repeats, realleges and incorporates by reference paragraphs 1 through 13 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward Plaintiff, including the unlawful retaliation against her, violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, (42 U.S.C. §2000e, et seq.), as amended by the 1991 Civil Rights Act.

15.     As a proximate cause of Defendant's afore-described actions of unlawful retaliation against Plaintiff, the Plaintiff was injured and damaged, as set forth in paragraphs 1 through 13 above.  In addition, Plaintiff has suffered considerable mental and emotional anguish.

16.     Plaintiff avers that she has pursued and exhausted her administrative remedies.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Taylor respectfully prays that this Court grant the following relief:

a)     A declaratory judgment declaring that the Defendant has unlawfully retaliated against the Plaintiff;

b)     An award of compensatory damages, including for mental anguish, to which the Plaintiff may be entitled;

c)     An award of punitive damages, due to the egregious nature of Defendant's wrongdoing.

4

d)    An award of all court costs and reasonable attorneys' fees, including those

incurred for seeking administrative relief;

e)    Such further, other and different relief as the Court may deem appropriate

and necessary.

Respectfully submitted this _7th_ day of April, 2017.

Gerri A. Taylor, Plaintiff

BY:

Julian McPhillips (ASB-3744-L74J)
Counsel for Plaintiff

Chase Estes (ASB-1089-F44L)
Counsel for Plaintiff

**OF COUNSEL:**
**MCPHILLIPS SHINBAUM, L.L.P.**
516 South Perry Street
Montgomery, Alabama 36104
(334) 262-1911
(334) 263-2321    FAX
julianmcphillips@msg-lawfirm.com
cestes@msg-lawfirm.com

## JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

OF COUNSEL

5

**<u>Note For Service</u>**

Please serve the Defendant at the following address:

> Family Guidance Center of Alabama, Inc.
> c/o Bettye Johnson, Registered Agent
> 2358 Fairlane Drive
> Montgomery, Alabama 36116